MARTIN B. SMILEY

*vs.*

INHABITANTS OF MERRILL PLANTATION.

Aroostook.    Opinion March 2, 1892.

*Pleading.    Declaration.    Time.    Traversable facts.*

The rule, that every traversable fact in a declaration must be averred as happening on some particular day, does not apply to the statutory requirement

that notice of an injury caused by a defective highway shall be given to the municipal officers of the town where such way is situated within fourteen days after the injury; it is enough if the declaration avers that such notice was given within the time named.

ON EXCEPTIONS.

This was an action on the case, which came to this court on the plaintiff's exceptions to the sustaining a special demurrer to the declaration by the presiding justice of the Superior Court for Aroostook County. The causes of demurrer assigned appear in the opinion.

*Bertram L. Smith*, for plaintiff.

*Powers and Wilson*, for defendants.

The giving written notice of the claim for damage is essential to the maintenance of the action. R. S., c. 18, § 80. It must be alleged in the declaration and proved at the trial. *Eaton v. Buswell*, 69 Maine, 552. It is, therefore, a traversable fact,. and as such must be alleged to have taken place upon a day certain. *Shorey* v. *Chandler*, 80 Maine, 409.

PETERS, C. J. In this action to recover damages for an injury sustained by the plaintiff by reason of the alleged negligence of the defendants in not keeping in repair a highway within their limits, the declaration avers, among other things, " that the highway surveyor of said plantation had at least twenty-four hours' actual notice of said defect before the time of the said accident, and that the plaintiff, within fourteen days. after said accident, notified the assessors of said Merrill Plantation in writing, setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injuries."

The declaration, on demurrer thereto, is objected to by the defendants as insufficient upon two grounds; first, because no place is named *where* the written notice of the injury was delivered to the assessors of the plantation; and, secondly, because no particular day is named *on which* it was so delivered.

Inasmuch as such a notice may be properly delivered to an assessor wherever he may be found, it cannot be necessary to

aver any particular place of its delivery. Such necessity exists only where the action is local, or whenever place necessarily indicates whether an action is brought in a proper jurisdiction or not. *Bean* v. *Ayers*, 67 Maine, 482; *Bank* v. *Lane*, 80 Maine, 165.

In support of the other objection to the declaration, the defendants rely on the rule, adhered to in *Shorey* v. *Chandler*, 80 Maine, 409, that all affirmative, traversable facts should be averred as occurring on some particular day. That rule applies where the contract declared upon or the tort alleged was consummated on a particular day, and does not preclude a generality of averment in respect to matters which do not affect the substance of the contract or constitute the gist of the offense. Sometimes the fact of demand, or notice, or of payment or performance, and the like, may be averred in a general way. In mixed and real actions no particular day need be alleged in the declaration. Gould Pl. c. 3, § 99. The demandant may allege his own seizin and a disseizin by the tenant as occuring within the last twenty years. R. S., ch. 104, § 2. So in complaints of forcible entry and detainer, notice to quit, and in actions on insurance policies, due notice and proof of loss, may be alleged in general terms. *Conway Fire Ins. Co.* v. *Sewall*, 54 Maine, p. 356.

We think, when a statute requires a thing to be done within a period of time, it is usually enough to allege performance within that period. A general fact may be alleged generally. In the present case a notice was to be given, not on any special occasion or day, but within fourteen days after a particular event and the required notice is so alleged. Another instance of alleging notice in general terms occurs in the further allegation in this same declaration, that the highway surveyor had twenty-four hours' notice of the defect, without averring on what day the notice was received. It seems to have been held in *Dexter Savings Bank* v. *Copeland*, 72 Maine, 220, that an allegation that an executor had written notice of a creditor's claim more than thirty days before action brought against him would be sufficient to sustain the action. It would, no doubt,

have been more exact pleading had the present plaintiff alleged on what day his notice was communicated to the assessors, but we are of opinion that the declaration, as it is, is practically sufficient.

*Exceptions sustained.*

VIRGIN, LIBBEY, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.